# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY STELLUTO,

        Petitioner,

   v.                         CIVIL ACTION NO. 1:05CV31

KEVIN WENDT,

        Respondent.

## ORDER

On February 22, 2005, the petitioner, Anthony Stelluto ["Stelluto"], an inmate at FCI-Gilmer, filed a *pro se* application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Emergency Relief in the Form of a Preliminary Injunction asserting the Federal Bureau of Prisons improperly calculated his good conduct time.

On April 1, 2005, United States Magistrate Judge John S. Kaull entered a report and recommendation finding that the Bureau of Prisons properly calculated good conduct time based on time served instead of sentence imposed and recommended that Stelluto's §2241 petition be denied and dismissed with prejudice.

On April 19, 2005, Bruce Ziskind ("Ziskind"), an inmate at FCI-Gilmer, attempted to invoke "next friend" status on Stelluto's behalf, and filed several motions with regard to Stelluto's petition. Ziskind's asserted in support of his "next friend" status that Stelluto had been released from FCI-Gilmer prior to the issuance of the Magistrate's report and recommendation.

## ORDER

On May 13, 2005, the Court entered an Order denying petitioner's pending motions and directing him to file any objections to the Magistrate Judge's report and recommendation and the Court's May 13, 2005 Order within ten (10) days of the entry of the Order. As of this date, petitioner has not filed any objections.

In his April 1, 2005 Report and Recommendation, Magistrate Judge Kaull recommended that Stelluto's case be dismissed with prejudice. The Magistrate Judge determined that the Bureau of Prison's policy regarding good time credits is proper and recommended that the petitioner's 2241 petition be denied.

The Report and Recommendation also specifically warned that failure to object to the report and recommendation would result in the waiver of any appellate rights on this issue. Additionally, the May 13, 2005 Order directed the petitioner to file any objections within ten (10) days of the entry of the Order. Nevertheless, Stelluto failed to file any objections.[1]

---

[1] Stelluto's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

## ORDER

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety and **ORDERS** the case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> petitioner and to transmit copies of this Order to counsel of record.

DATED: November _____*30*_____, 2005


_Irene M. Keeley_
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE